UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00083-LRH-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| BRYSON JOHN, | |
| Defendant. | |

Defendant Bryson John moves to suppress his post-*Miranda* statements, arguing the related *Miranda* warning was defective as a matter of law. ECF No. 37. Under *Miranda v. Arizona*, a person "must be warned that … he has a right to the presence of an attorney" "prior to any questioning[.]" 384 U.S. 436, 444 (1966). "Although no talismanic incantation of the warning is necessary to satisfy *Miranda*, [the Ninth Circuit Court of Appeals has] recognized the critical importance of the right to know that counsel may be present *during* questioning." *United States v. Bland*, 908 F.2d 471, 474 (9th Cir. 1990) (emphasis in original). A warning that does not convey the right to counsel during questioning is inadequate as a matter of law. *Id.*

Here, the officer issuing the *Miranda* warning to defendant stated: "You have the right to speak to an attorney." ECF No. 37 at 3. Such a warning inadequately conveys the right of an attorney during questioning. *See United States v. Noti*, 731 F.2d 610, 615 (9th Cir. 1984) (holding a *Miranda* warning must advise a person of the right to have counsel present during questioning). Indeed, both parties agree that the warning was defective as a matter of law. ECF No. 37 at 3–5; ECF No. 38 at 2. But despite the defectiveness of the warning, the officer

1

questioned defendant immediately thereafter and obtained multiple post-*Miranda* statements from the defendant. ECF No. 37 at 3. Because the warning was defective under *Noti*, it follows that the at-issue post-*Miranda* statements must be suppressed for use in the Government's case in chief as a result. The court therefore orders that the statements shall be suppressed in reference to the Government's case in chief.

However, the statements may be admitted at trial for purposes other than to support the Government's case in chief. Statements suppressed from the Government's case in chief due to *Miranda* violations can otherwise be admitted for impeachment purposes during cross-examination. *Oregon v. Elstad*, 470 U.S. 298 (1985). Thus, at this time, the court reserves ruling on the admissibility of the at-issue post-*Miranda* statements during trial for impeachment purposes.

IT IS THEREFORE ORDERED that defendant's motion to suppress defectively *Mirandized* statements is **GRANTED** in respect to the use of the statements in during the Government's case in chief. The court reserves ruling on the admissibility of the statements for impeachment purposes until the time of trial.

IT IS SO ORDERED.

DATED this 26th day of July, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE